1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| **THOMAS FERGUSON and PATRICK FAHY,** | No. |
| **Plaintiffs,** | **CLASS ACTION COMPLAINT** |
| --against-- | |
| **CLASSMATES ONLINE, INC., a Washington Corporation; CLASSMATES MEDIA CORPORATION, a Delaware corporation;** | JURY TRIAL DEMANDED |
| **Defendants,** | |

Plaintiffs Thomas Ferguson and Patrick Fahy ("Plaintiffs"), individually and on behalf of all others similarly situated, allege by and through their attorneys, upon information and belief (except as to matters personal to Plaintiffs) as follows:

## NATURE OF ACTION

1.    This is a class action against defendant Classmates Online, Inc., Classmates Media Corporation, and the owner and operator of the classmates.com website (collectively, "Classmates"). The Class consists of all registered users ("Users") of classmates.com.

2.    Classmates.com, as its name implies, is a website designed primarily to enable Users to locate and contact persons with whom they went to school, ranging all the way from primary school to university graduate programs. The lists of persons who attended various schools over many decades have been created by Users themselves, who have joined

[CLASS ACTION COMPLAINT- 1]

Classmates since 1995, input their personal information, and have continued to maintain active accounts. In order to build these lists and to further its business, Classmates allows Users to set up basic lists and profiles containing biographical information and photographs without payment. Users who want additional features—such as the ability to receive e-mail from other Users or the ability to see who visited their profile—can sign up for a "Gold" membership.

3.      Classmates' Users, like all consumers who use the Internet, are keenly interested in protecting their privacy. Traditionally, Classmates has been lauded for its strict privacy policies by experts who review and compare websites and rate them on their relative safety. Until recently Classmates zealously guarded its Users' privacy and protected them through the following measures: (1) Users must identify themselves to Classmates when signing up for an account by providing a valid e-mail address; (2) Classmates tracks who visits a User profile, and this is made known to Users-- this serves as a powerful deterrent to persons who might wish to access a profile with ill intent; and (3) Classmates serves as a conduit for "Classmates e-mail" so that Users need never reveal their personal e-mail addresses to any other User.

4.      Classmates has prospered in its business since its launch in 1995 through sales of Gold memberships; sales of advertisements posted on its website; and sales of ancillary services to Users. In recent years, however, Classmates has faced increasing business pressure from "social network" websites such as Facebook, which also provide a venue for old friends to reconnect and communicate. In or about 2009, Classmates began to work on a strategy to tap into Facebook's more than 100 million users, and direct their attention to the store of information accumulated over the years on the Classmates website. It has done this despite the fact that (unlike Classmates) Facebook has been repeatedly sued for violating its users' privacy rights and mishandling information contained on its website. In fact, in December 2009, a

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660

1    complaint was lodged against Facebook for privacy violations by EPIC, the Electronic Privacy

2    Information Center, on behalf of itself and a consortium of 10 privacy organizations.

3        5.      On or about January 30, 2010, Classmates sent its Users an e-mail message (the

4    "Waiver E-Mail") stating the following (emphasis supplied):

> To make it easier for old friends—including you!—to reunite, *we're coming up with ways to let more people use Classmates from around the Internet without having to visit Classmates.com.*
>
> To do that, *we're about to start making your public Classmates content available to people using a variety of sites and devices, including Facebook and the iPhone.* This content can include your name, photos, community affiliations, and more.
>
> Of course, we care about your privacy as much as we do your ability to catch up with your past. We're updating our privacy policy to make these new features possible, and you're able to opt out.
>
> To opt out of publishing your information through these applications, update your privacy settings within the next two weeks. (You can also update your settings at any time in the future.)  You can read the updated privacy policy here.
>
> Look for our new Facebook app: We're about to release a Facebook application that lets people curious about their old friends and schoolmates explore our class lists and member activity. If you're on Facebook, we hope you check it out once it's available.

        6.      This new policy will have severe, adverse privacy implications for Classmates

Users, but the notice set forth above is presented in such an innocuous and favorable manner

that Users would not even be tempted to "opt out" of the new policy.  Although the increased

traffic and publicity Classmates will obtain may enhance its business, this does not justify the

use of deceptive and improper conduct to deceive users into inadvertently and unknowingly

waiving important privacy protections, and subjecting themselves to a panoply of harms.

        7.      The Waiver E-mail is deceptive, misleading and improper for the following

reasons:

        (a)     The vast majority of Classmates Users are not experts in Internet technology and
                terminology.  They would have no idea what an "app" or "application" is or
                does.  Before attempting to obtain User "consent" to a change that has material
                adverse privacy implications, Classmates has a duty to provide Users with the

[CLASS ACTION COMPLAINT- 3]

LAW OFFICES
**BRESKIN JOHNSON & TOWNSEND** PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660

opportunity to view an actual version or a reasonable prototype of the Facebook and iPhone applications (the "Applications") or, at the very least, a detailed description of their features, their benefits to Classmates Users, and their detriments to Classmates Users;

(b)    The Applications will expose the personal information of Classmates Users to millions of persons who are unknown to both the Users, and to Classmates. Presently, Classmates knows who its users are (at least by traceable e-mail addresses), when they visit the Classmates website, and what profiles they view. These powerful deterrents against unwarranted intrusions, harassment and other harms will be lost once the Applications are put into place. Classmates Users are never informed of this material detriment in connection with the request for their opt-out, and any "consent" obtained under such circumstances is invalid;

(c)    Classmates has pre-clicked the option to permit disclosure of personal information via the Applications. This type of "negative option", whereby a person must unselect an option, is well-known to be confusing to consumers, and vitiates any claims Classmates may make that it has fairly, and in good faith, obtained User consents.

8.    The violations that form the basis of this Complaint are serious. Internet users place a high value on the safety and security of their personal information. This is quite rational: users whose personal information becomes readily available to the public face a number of dangers, not the least of which are identity theft, harassment, and embarrassment. Federal law enforcement agencies, such as the FBI and the U.S. Postal Inspection Service, have warned that international crime syndicates scour the Internet for personal information which they can use to dupe U.S. citizens into turning over even more personal information, which is then used for purposes of theft and impersonation. Through the wrongdoing described herein, Classmates will make the "job" of such malefactors considerably easier.

9.    The common law has long recognized invasions of privacy as tortious because of the clear harm they can cause. These common law prohibitions have been codified by the U.S. Congress. Steep penalties attach to violations of these laws, and rightly so, as reckless disclosure of others' personal and private information imperils their personal and financial

[CLASS ACTION COMPLAINT- 4]

security.

10.     For the foregoing reasons, Classmates has and by its intended actions will violate the Electronic Communications Privacy Act, 18 U.S.C. § 2701 *et seq*;  has and will commit deceptive acts and practices in violation of the Washington Consumer Protection Act (CPA), Wash. Rev. Code § 19.86.010 *et seq*; will engage in a breach of contract; and will be unjustly enriched.  Thus, Plaintiffs, on behalf of themselves and all Users in the United States, seek a declaration that Classmates' actions are unlawful and materially deceptive and further seek a ruling (by jury verdict or by the Court) that Class members are entitled to injunctive relief or, if the wrongful scheme is effectuated, money damages.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) in that Plaintiffs and Defendant are citizens of different states and the aggregate value of the claims asserted herein exceeds $5 million.  This Court also has jurisdiction over this action under 28 U.S.C. § 1331, insofar as the claims are asserted herein under the Electronic Communications Privacy Act, 18 U.S.C. § 2701 *et seq.*  This Court has ancillary jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

12.     Venue is proper in this District because a substantial portion of the transactions and wrongs complained of herein occurred in this District.  Moreover, Defendant's principal operating offices are located in this District and Defendant engaged in numerous activities herein, which give rise to the causes of action asserted in this Complaint.  In addition, Defendant has provided in its Terms of Use that all subscribers bringing any actions they may have must do so in federal or state court in the State of Washington, and that all disputes are governed by Washington law.

[CLASS ACTION COMPLAINT- 5]

**THE PARTIES**

13.    Plaintiff Thomas Ferguson is and has been a registered Classmates User since before the events referenced in this Complaint.  Ferguson is a citizen of New Jersey.

14.    Plaintiff Patrick Fahy is and has been a registered Classmates "Gold" member since before the events referenced in this Complaint.  Fahy is a citizen of New York.

15.    Defendant Classmates Online, Inc. is a Washington corporation which maintains its offices at 333 Elliott Ave W Ste 500, Seattle, WA 98119-4101.  Classmates Online, Inc. is a citizen of Washington State.

16.    Defendant Classmates Media Corporation is a Delaware corporation which maintains its administrative corporate offices at 21301 Burbank Boulevard, Woodland Hills, CA 91367-6679, and its operating offices at 333 Elliott Ave W Ste 500, Seattle, WA 98119-4101.  Classmates Media Corporation is a citizen of Delaware and California.

**FACTUAL ALLEGATIONS**

17.    Classmates was founded in 1995 as a vehicle to tap into the desire of millions of people to reconnect with friends from their past.  The website has proved enormously popular.  There are approximately 40 million Classmates Users, of whom approximately 3.5 million are paid members.

18.    Although a User may join Classmates for "free", this transaction nonetheless involves an exchange of value, as Classmates receives the User's personal proprietary information that it uses to make the website more comprehensive and attractive, and taps the database of e-mails addresses it obtains from all Users for marketing purposes.  In addition, each time a User logs in, advertisements which monetarily benefit Classmates are displayed.  Free Users can create a profile, see profiles, post photos, and send (but not read) e-mails sent through Classmates' private e-mail system.  Paid "Gold" members can send and read e-mails using Classmates' private e-mail system, see who has reviewed their profile, and learn the

[CLASS ACTION COMPLAINT- 6]

locations of old friends by reference to where they are on a "map" Classmates creates. When advertising Gold memberships, Classmates prominently displays the word "Confidentiality" in large gold letters in the middle of the ad text. (A copy of such an advertisement is attached as Exh. A hereto).

19.    The promise of confidentiality and the ability of Classmates through various protections to deter unwanted intrusions and harassment have been important to Classmates' ability to attract and retain Users. Classmates indentifies Users when they sign up through their e-mail addresses and other information; it protects Users' identities by maintaining a "double blind" private e-mail system; certain information is only made available to Gold members who must pay by credit card, which serves to reveal the Users' actual identities; and Classmates emphasizes its ability to track exactly which Users view other Users' profiles. All of these safeguards have traditionally provided Classmates' Users with a high degree of protection from harassment, identity theft, stalking, and the like.

20.    Recently, however, in a desire to gain more profits and to compete with social networking sites like Facebook, Classmates has embarked on measures which will compromise User safety and confidentiality, while feigning to obtain Users' informed consent.

21.    On or about January 30, 2010, Classmates sent its Users an e-mail message (the "Waiver E-Mail") stating the following (emphasis supplied):

> To make it easier for old friends—including you!—to reunite, *we're coming up with ways to let more people use Classmates from around the Internet without having to visit Classmates.com.*
>
> To do that, *we're about to start making your public Classmates content available to people using a variety of sites and devices, including Facebook and the iPhone.* This content can include your name, photos, community affiliations, and more.
>
> Of course, we care about your privacy as much as we do your ability to catch up with your past. We're updating our privacy policy to make these new features possible, and you're        able            to            opt            out.

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660

To opt out of publishing your information through these applications, update your privacy settings within the next two weeks.  (You can also update your settings at any time in the future.)  You can read the updated privacy policy here.

Look for our new Facebook app: We're about to release a Facebook application that lets people curious about their old friends and schoolmates explore our class lists and member activity.  If you're on Facebook, we hope you check it out once it's available.[1]

22.     The option to reveal personal information to the Applications is "pre-clicked." (A copy of this page is attached as Exh. C).  There is no link there or anywhere to any page view or prototype of the Applications to help the User understand what these programs are, how they work, or how they will compromise and undermine the pre-existing privacy protections Users have come to expect over the past 15 years.  The word "application" or "app" would have no meaning to most Classmates Users, the vast majority of whom are not savvy regarding Internet terminology.  Indeed, applications are computerized devices that allow a person to perform a particular function, such as play a game or access a service or website. Applications can take an almost infinite variety of forms, have an almost infinite variety of different features, and be designed to do different things depending on user instructions.  They can change over time, as the creator of the Application modifies their features and functions. Simply telling Classmates Users that Classmates will create an "application" tells them nothing, as they cannot possibly guess as to the form and nature, and the benefits and detriments, of this unseen, undescribed application.  What is clear is that the Applications will make guarded personal information available to the 100 million plus users of Facebook and the iPhone--users Classmates doesn't know, and over whom they have no control, and no way of tracking.  In sum, the deterrent features Classmates members believe will always protect them (or at least deter wrongful conduct by those with ill intent) will largely evaporate.  Classmates never mentions this to Users.

---

[1]  A true copy of the text of this e-mail is attached hereto as Exh. B.  The text that is underlined and set out in a different font color is a hyperlink in the original.

[CLASS ACTION COMPLAINT- 8]

23.    This threatened wholesale production of personal information to Facebook is particularly troubling, given Facebook's long history of being accused of privacy violations. In December 2009, a complaint was lodged against Facebook with the Federal Trade Commission by EPIC, on behalf of itself and a consortium of 10 privacy organizations. This complaint details a long history of privacy issues surrounding Facebook, and seeks FTC intervention.

24.    Classmates' newly announced policy will have severe, adverse privacy implications for Classmates Users, but the notice set forth above is presented in such an innocuous and favorable manner that Users would not even be tempted to "opt out" of the new policy. Although the increased traffic and publicity Classmates will obtain may enhance its business, this does not justify the use of deceptive and improper conduct to cause Users to inadvertently and unknowingly waive important privacy protections, and subject themselves to a panoply of harms.

25.    The Waiver E-mail is deceptive, misleading and improper for the following reasons:

   (a)    The vast majority of Classmates Users are not experts in Internet technology and terminology. They would have no idea what an "app" or "application" is or does. Before attempting to obtain User "consent" to a change that has material adverse privacy implications, Classmates has a duty to provide Users with the opportunity to view an actual version or a reasonable prototype of the Facebook and iPhone applications or, at the very least, a detailed description of their features, their benefits to Classmates Users, and their detriments to Classmates Users;

   (b)    The Applications will expose the personal information of Classmates Users to millions of persons who are unknown to both the Users, and to Classmates. Presently, Classmates knows who its users are (at least by traceable e-mails addresses), when they visit the Classmates website, and what profiles they view. These powerful deterrents against unwarranted intrusions, harassment and other harms will be lost once the Applications are put into place. Classmates Users are never informed of this material detriment in connection with the request for their opt-out, and any "consent" obtained under such circumstances is invalid;

[CLASS ACTION COMPLAINT- 9]

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660

(c)     Classmates has pre-clicked the option to permit disclosure of personal information via the Applications.  This type of "negative option", whereby a person must unselect an option, is well-known to be confusing to consumers, and vitiates any claims Classmates may make that it has fairly, and in good faith, obtained User consents.

26.     For these reasons, any purported "consents" Classmates obtains through these unfair, deceptive and unlawful means are null and void, and proper remedial relief must issue to ensure that Class members are not further deceived, confused, misled, and harmed (in terms of both damages that can be measured and irreparably).

## CLASS ACTION ALLEGATIONS

27.     Plaintiffs bring this action pursuant to Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and all others similarly situated.  Plaintiffs seek to represent a Class consisting of all persons in the United States who are Classmates Users.

28.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment thereto.  Specifically excluded from the Class are the officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures or entities controlled by Defendant and their heirs, successors, assigns or other persons or entities related to or affiliated with Defendants and/or their offices and/or directors, or any of them; the Judge assigned to this action and any member of the Judge's immediate family.

29.     **Numerosity - Fed.R.Civ.P. 23(a)(1)-**  Members of the Class are so numerous that their individual joinder is impracticable.  Plaintiffs are informed and believe that the proposed Class should contain millions of members.  The precise number of Class members is

[CLASS ACTION COMPLAINT- 10]

LAW OFFICES
**BRESKIN JOHNSON & TOWNSEND** PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660

unknown to Plaintiffs.  The number of Class members is known to Defendant.

30.    **Existence and Predominance of Common Questions of Fact and Law -**

**Fed.R.Civ.P. 23(a)(2), 23(b)(3)-** There are questions of law and fact of general interest to the

Class.  The common questions include, but are not limited to, the following:

a.    Whether Classmates' threatened actions shall upon effectuation exceed its

authorized access to Users' personal information and thereby enable Classmates to improperly

obtain that information in violation of the provisions of the Electronic Data Privacy Act;

b.    Whether Classmates has violated and shall further (though its announced

plans) violate the Washington Consumer Protection Act (CPA), Wash. Rev. Code § 19.86.010

*et seq.*;

c.    Whether Classmates' threatened actions would be in breach of its contract

with Users concerning use of their personal information;

e.    Whether Defendant shall be unjustly enriched as a result of the conduct

described herein;

f.    Whether Plaintiffs and the Class are entitled to declaratory and injunctive

relief; and

g.    Whether, if the threatened plans are effectuated, Defendant's conduct shall

have caused damages to Plaintiffs and members of the Class and the measure of such damages.

h.    The defenses of Defendant, to the extent that any such defenses apply, are

applicable generally to Plaintiffs and the entire Class and are not distinguishable as to proposed

Class members.

i.    **Typicality - Fed.R.Civ.P. 23(a)(3)-** Plaintiffs' claims are typical of the

claims of the Class as a whole which has sustained and/or will sustain damages as a proximate

[CLASS ACTION COMPLAINT- 11]

or legal result of the common course of conduct of Defendant.  Plaintiffs' claims are typical of

the Class because Defendant subjected all Class members to the same course of conduct.

j.    **Adequacy - Fed.R.Civ.P. 23(a)(4)-**  Plaintiffs will fairly and adequately

protect the interests of the Class and have no interest which is antagonistic to those of the

Class.  Plaintiffs have retained counsel that are highly experienced in the prosecution of

complex consumer class action litigation.

k.    **Superiority - Fed.R.Civ.P. 23(b)(3)-**  A class action is superior to other

available means for the fair and efficient adjudication of the claims of Plaintiffs and members

of the Class. The injury suffered by each individual Class member is relatively small, given the

burden and expense of individual persecution of the complex and extensive litigation

necessitated by Defendant's conduct.  It would be virtually impossible for members of the

Class individually to redress effectively the wrongs done to them.  Even if the members of the

Class could afford such individual litigation, the court system could not.

l.    Individualized litigation presents a potential for inconsistent or contradictory

judgments arising from the same set of facts.  Individualized litigation increases the delay and

expense to all parties and to the court system, presented by the complex legal and factual issues

of the case.  By contrast, the class action device presents far fewer management difficulties and

provides the benefits of single adjudication economy of scale and comprehensive supervision

by a single court.

m.    In the alternative, the Class may be certified under Rules 23(b)(1) and/or (b)(2)

because:

1.  The prosecution of separate actions by individual Class members would

create a risk of inconsistent or varying adjudication with respect to individual Class members

[CLASS ACTION COMPLAINT- 12]

LAW OFFICES
**BRESKIN JOHNSON & TOWNSEND** PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660

that would create incompatible standards of conduct for Defendants.

2.  The prosecution of separate actions by individual Class members would create a risk of adjudication with respect to them that would as a practical matter be dispositive of the interests of other Class members not parties to the adjudication or substantially impair or impede their ability to protect their interests; and/or

3.  Defendant has acted or refused to act on the grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE ELECTRONIC DATA PRIVACY ACT

31.    Plaintiffs repeat and reallege all previous allegations.

32.    Defendant has violated or has stated an intent to commit acts that violate the Electronic Data Privacy Act (the "EDPA").

33.    Defendant operates an "electronic communications service", as defined in 18 U.S.C. § 2510(15).  Classmates provides Users the ability to send or receive electronic communications to or from any of Classmates' millions of members.

34.    Pursuant to the EDPA, "electronic storage" includes "any storage of [a wire or electronic] communication by an electronic communication service for purposes of backup protection of such communication."  18 U.S.C. § 2510(17).  The Classmates website serves as backup both for Users and Classmates of all communications, internal e-mails, and postings.

35.    Pursuant to 18 U.S.C. § 2701(a), absent exceptions inapplicable here, "whoever . . . intentionally *exceeds an authorization* to access that facility; and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system," has violated the EDPA.  Defendant has stated an intent to commit acts

[CLASS ACTION COMPLAINT- 13]

that violate this provision of the EDPA, as it intends to exceed its authorized access to User data and access user data in ways that are beyond the fully informed consent of its Users.

36.    Additionally, pursuant to 18 U.S.C. § 2702(a), absent exceptions inapplicable here, "a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service." Defendant has stated an intent to commit acts that violate this provision as well.

37.    By reason of the foregoing acts, should the threatened plan be effectuated, Plaintiffs and the Class shall be entitled to actual and statutory damages for each violation, as well as attorneys' fees as provided for in 18 U.S.C. § 2707(c).

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE WASHINGTON
## CONSUMER PROTECTION ACT

38.    Plaintiffs repeat and reallege all previous allegations.

39.    By its actions, Classmates has deceived and misled Users with regard to the Applications' nature, and their detrimental impact on privacy protections that have been in place for many years, and serve to prevent and deter unwanted intrusions, harassment, stalking, and other improper activities.

40.    Classmates has additionally engaged in unfair and deceptive practices in conjunction with the Waiver E-mail in that it: (a) provided no way for Users to view or examine the Applications which will be exposing their sensitive personal information to persons who Classmates does not know, and cannot control; and (b) Classmates has pre-clicked the option to permit disclosure of personal information via the Applications.  This type of "negative option", whereby a person must unselect an option, is well-known to be confusing to

[CLASS ACTION COMPLAINT- 14]

consumers, and is deceptive.

41.     The personal information of Classmates Users is the Users' personal property; it has value both to them and to Classmates.  To the extent Classmates has converted and shall convert this personal property, without informed consent, to its own commercial use, it has injured and shall injure the property interests of Plaintiffs and Class Members.

42.     Classmates has millions of members, who post personal information, and other information (including photographs) that may concern their family members.  The actions of Classmates alleged herein shall affect the privacy interests of tens of millions of Classmates members, and their families.  This action, and the remedies sought hereunder, affect the public interest.

43.     By reason of the foregoing, Classmates has violated or stated an intent to commit acts that violate the Washington Consumer Protection Act, Wash. Rev. Code § 19.86 et seq., and in particular Wash. Rev. Code  § 19.86.020 and § 19.86.090.

44.     To the extent it may be difficult or impossible to measure the actual damages to be incurred by Plaintiffs and the Class, their injuries will be irreparable by money damages, necessitating injunctive and declaratory relief.

## FOURTH CLAIM FOR RELIEF
### BREACH OF CONTRACT

45.     Plaintiffs repeat and reallege all previous allegations.

46.     Before the recent events described in this Complaint, Classmates' policies did not allow the dissemination of Users' personal information to the general public, through undescribed "Applications", or otherwise.   The privacy provisions in place when Users subscribed constitute material contractual terms by which Classmates was bound, and remains bound.

[CLASS ACTION COMPLAINT- 15]

47.    To the extent Classmates ever has the right to alter or modify its contractual obligations concerning privacy, it might only do so upon full disclosure of the effects and implications of the proposed alterations.   There has been no such full disclosure here as Classmates' practices are unfair, misleading, deceptive, and designed to confuse Users and frustrate their ability to exercise their rights.

48.    For the foregoing reasons, Classmates has breached or has stated an intent to commit acts that breach its contractual obligations.  Plaintiffs and the Class are entitled to any actual damages they might suffer as a result of such breach or, in the alternative, a judgment that Classmates' acts are null, void and of no effect, and that any privacy waivers Classmates claims to have obtained are likewise null, void, and of no effect.

## FIFTH CLAIM FOR RELIEF
## UNJUST ENRICHMENT

49.    Plaintiffs repeat and reallege all previous allegations.

50.    Defendant has threatened to soon carry out actions which will lead it to be enriched by the above conduct.  Defendant will collect fees and generate revenue from the unlawful conduct described herein.

51.    Defendant has knowledge of this benefit or contemplated benefit.

52.    Defendant will voluntarily accept and retain all benefits it may receive in connection with the acts described herein.

53.    The circumstances, as described herein, render it inequitable for Defendant to retain any ill-gotten benefits without paying the value thereof to Plaintiffs and the Class.

54.    Fairness and justice require Plaintiffs and the Class to be entitled to recover the amount of Defendant's potential ill-gotten gains, including interest, resulting from its threatened unlawful, unjust, unfair and inequitable conduct, as alleged herein.  Plaintiffs and

[CLASS ACTION COMPLAINT- 16]

the Class may make claims on a pro rata basis for restitution.

55.     Accordingly, Plaintiffs seek the imposition of a constructive trust on any monies by which the Defendant shall be unjustly enriched as a result of the unlawful practices described herein.

### SIXTH CLAIM FOR RELIEF
### INJUNCTION

56.     Plaintiffs repeat and reallege all previous allegations.

57.     Absent a reformation of Classmates' business practices, Plaintiffs and the Class will be faced with the bringing of successive actions at law to compensate them for past wrongs.  Moreover, the Defendant's threatened invasions of privacy and unauthorized release of private information shall subject Plaintiffs and the Class to types of harm that cannot be fully compensated in a pecuniary fashion.

58.     Defendant knew and knows that the acts and practices complained of herein are materially deceptive and misleading, and pose certain intangible dangers.

59.     There is every reason to believe that if the conduct complained of herein is not enjoined, Defendant will continue to mislead Users into agreeing to disclose personal information for Classmates' advantage, in violation of statutory and common law.

60.     As to Defendant's continuing illegal commercial efforts and especially as to its intangible effects, Plaintiffs and the Class have no adequate remedy at law.

61.     Accordingly, a preliminary and permanent injunction should enter preventing and enjoining Defendant from operating Classmates in such a deceptive and unfair manner, causing the unauthorized disclosure of personal information.  Plaintiffs request that the Court Order that Classmates, at a minimum, take the following specific actions as the required equitable remedies:

[CLASS ACTION COMPLAINT- 17]

a.     The required dissemination to Users of a prototype, facsimile or detailed

explanation of any Applications prior to the time any Users' personal

information is revealed through such Applications so that Users may

make informed decisions to protect their privacy;

b.     Requiring dissemination to Users of a full and complete explanation of

the     extent to which their personal information will be revealed to persons

who     use Facebook or iPhones, the benefits and dangers this poses from a

privacy standpoint, and the extent to which Classmates can identify and

police persons who access Users' personal information from Facebook

or     iPhones.

## PRAYER

WHEREFORE, Plaintiffs pray for the following relief:

1.     For an Order certifying that this action may be maintained as a class action

against Defendant, appointing Plaintiffs and their counsel to represent the Class and directing

that reasonable notice of this action be given by Defendant to the Class;

2.     In the event of the effectuation of the scheme described herein, damages,

restitution and disgorgement as to Plaintiffs' statutory and common law causes of action,

according to proof, including prejudgment interest as allowed by law;

3.     For  injunctive or declaratory relief as set forth above;

4.     For an award of reasonable attorneys' fees to Plaintiffs' counsel, experts' fees,

and reimbursement of reasonably incurred expenses; and

5.     That Plaintiffs and the Class be entitled to such other and further relief as this

Court may deem just and proper.

[CLASS ACTION COMPLAINT- 18]

1

**JURY DEMAND**

2
    To the full extent available, Plaintiffs demand a trial by jury.

3
Dated: March 4th, 2010

4

5
                    BRESKIN JOHNSON & TOWNSEND, PLLC

6
                    By: s/ *Roger M. Townsend*

7
                    Roger M. Townsend, WSBA # 25525
                    1111 Third Avenue Suite 2230

8
                    Seattle, WA 98101
                    (206) 652 8660

9
                    rtownsend@bjtlegal.com

10

11
                    **ROY JACOBS & ASSOCIATES**
                    Roy Jacobs

12
                    One Grand Central Place
                    60 East 42nd Street 46th Floor

13
                    New York, NY 10165
                    212-867-1156

14
                    212-504-8343 (Fax)
                    rjacobs@jacobsclasslaw.com

15
                    **PASKOWITZ & ASSOCIATES**

16
                    Laurence Paskowitz
                    60 East 42nd Street

17
                    46th  Floor
                    New York, NY 10165

18
                    212-685-0969
                    212- 685- 2306 (Fax)

19
                    classattorney@aol.com

20
                    **LAW OFFICES OF BRIAN M. FELGOISE, P.C.**

21
                    Brian M. Felgoise
                    261Old York Rd.  Suite 423

22
                    Jenkintown, PA 19001-2616
                    215-985-0500

23
                    215-985-0850 (Fax)
                    felgoiselaw@verizon.net

24

25

26

[CLASS ACTION COMPLAINT- 19]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**CERTIFICATE OF SERVICE**

I, Miriam C. Simmel, under penalty of perjury under the laws of the state of Washington, hereby certify that on this 5th day of March, 2010, I caused the foregoing pleading to be filed with the court.

s/Miriam C. Simmel_____
Miriam C. Simmel, Legal Assistant

[CLASS ACTION COMPLAINT- 20]

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660